IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-00154-RMR-CYC

DEVYN TOWNSEND,

    Plaintiff,

v.

JEFF LONG, an individual and Warden of Sterling Correctional Facility,
GWENDOLYN LONDENBERG, an individual and Captain at Fremont Correctional Facility,
CHRIS BARR, an individual and Investigator with the Office of the Inspector General, and
MAUREEN SHERIDAN, an individual and Investigator with the Office of the Inspector General,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

On July 3, 2025, at ECF No. 126, Magistrate Judge Cyrus Y. Chung issued a Recommendation on the Defendants', Jeff Long, Chris Barr, and Maureen Sheridan, (CDOC Defendants) Motion to Dismiss First Amended Complaint (ECF No. 80) and Defendant Londenberg's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 90). Plaintiff filed an objection to the Recommendation (ECF No. 127), CDOC Defendants filed a response to Plaintiff's objections (ECF No. 136), and Defendant Londenberg filed a response to Plaintiff's objections (ECF No. 137). The Court has received and considered the Recommendation, the Objection, the Responses, the record, and the

pleadings. After de novo consideration, the Court **OVERRULES** the Plaintiff's objection and **ADOPTS** the Recommendation.

I.     **LEGAL STANDARD**

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

2

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II. ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein. The Court will address each of the Plaintiff's arguments and Defendants' responses.

### A. The Recommendation's Application of *Howard v. Waide*

Mr. Townsend argues that Magistrate Judge Chung fails to give adequate weight to *Howard v. Waide*, 543 F.3d 1227 (10th Cir. 2008) in his Recommendation. ECF No. 127 at 2–3. Mr. Townsend analogizes his alleged assaults to those suffered by the plaintiff in *Howard* and contends that his claim must survive Rule 12(b)(6) because the plaintiff's claims in *Howard* survived a higher summary judgment standard. *Id.* at 3. Defendants Long, Barr, and Sheridan ("CDOC Defendants") argue that *Howard* is distinguishable because the prison officials in *Howard* all knew about the threat of gang violence. ECF No. 136 at 6. CDOC Defendants contend that Mr. Townsend failed to allege that Defendant Sheridan knew Mr. Townsend was at serious risk of substantial harm, because Defendant Sheridan's report concluded that Mr. Townsend's accusations were unfounded. *Id.* at 6–7. In addition, Defendant Londenberg claims that *Howard* is materially different, because Mr. Townsend's allegations show only a single interaction with

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

3

Defendant Londenberg, as opposed to a series of sexual assaults by gang members across two different facilities over an extended period as alleged in *Howard*. ECF No. 137 at 6.

The Court finds that *Howard* is similar yet distinct from this case. In *Howard*, the plaintiff filed multiple grievances to put the prison officials on notice. *Howard v. Waide*, 534 F.3d 1227, 1232 (10th Cir. 2008). The prison officials either denied the grievances or required the plaintiff to identify his offenders. *Id.* at 1232–34. The Tenth Circuit found that the plaintiff presented evidence that "prison officials *knew* he faced an ongoing risk from a prison gang with a substantial presence in the facility, and that they had reasonable responses available to them." *Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2008). Here, Mr. Townsend similarly notified the Defendants of his alleged assaults. However, after each notification, Defendants conducted an investigation. Acknowledging Mr. Townsend disagrees with the results of the investigations, the Court does not find clear error in the Recommendation's determination that the Amended Complaint fails to allege that Defendants knew of the ongoing risk. Even if Mr. Townsend sufficiently pled knowledge of the ongoing risk, he still has failed to sufficiently allege the Defendants did not act reasonably in response to that risk. Thus, the Court agrees with the Recommendations application and weight of *Howard* in the recommendation.

### B. The Recommendation's Statute of Limitations Analysis

Mr. Townsend argues that the Recommendation misconstrues the accrual date of Mr. Townsend's claims. Mr. Townsend contends that the Second Assault is when he actually suffered the cruel and unusual punishment that is the basis of his Eighth

4

Amendment claim and the First Assault is when Defendants were put on notice. ECF No. 127 at 4–5. CDOC Defendants respond that Mr. Townsend clearly alleged he was sexually assaulted on May 10, 2020 after the First Assault. ECF No. 136 at 4. CDOC Defendants argue that a plaintiff's claims accrue when he or she has a complete and present cause of action." *Id.* Defendant Londenberg similarly states that "where the alleged constitutional violation is the failure to act in the face of a known risk, the claim accrues when Plaintiff knew or should have known that Defendant Londenberg was failing to take protective action—not when Plaintiff's subsequent injury occurred, as Plaintiff would have it." ECF No. 137 at 8.

Regarding accrual date, the Court finds no clear error in the Recommendation's application of *Herrera* that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Herrera v. City of Espanola*, 32 F.4th 980, 990 (10th Cir. 2022). In his Amended Complaint, Mr. Townsend clearly claimed deprivation of his Eighth Amendment Right because "he was exposed and experienced a substantial risk of serious harm as a result of two sexual assaults" and that Defendants Londenberg and Barr "investigated the first sexual assault and was aware that Mr. Townsend was at substantial risk of serious harm." ECF No. 57 ¶¶ 58–59, 65–66. Thus, Mr. Townsend knew of his injury during the First Assault and his claim accrued on May 10, 2020. Thus, the Court agrees with the Recommendation that claims against Defendants Barr and Londenberg are barred by statute of limitations and should be dismissed without prejudice.

### C. Plaintiff's Eighth Amendment Claims with Respect to Defendants Sheridan and Long

Mr. Townsend objects to the Recommendation and contends that he has sufficiently pled an Eighth Amendment deliberate indifference claim with respect to Defendants Sheridan and Long, particularly with respect to the subjective component of the *Farmer* test. ECF No. 127 at 6. The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order to survive Defendants' Motion to Dismiss, Mr. Townsend's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

CDOC Defendants maintain that the subjective component of the *Farmer* "rests on a defendant's state of mind at the time of their actions or inactions." ECF No. 136 at 7; *see also Farmer*, 511 U.S. at 834 ("To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety[.]") (citations omitted). Mr. Townsend's claim that the Recommendation overlooks Prison Rape Elimination Act is irrelevant in this analysis. Here, Mr. Townsend clearly alleges that Defendant Sheridan conducted an investigation into the Second Assault. ECF No. 57 ¶¶ 40–46. Thus, her state of mind was not one of deliberate indifference. Additionally, Mr.

6

Townsend fails to plead sufficient facts to support his allegation that Defendant Long knew of the assaults or that Mr. Townsend was at substantial risk of serious harm. Mr. Townsend only claims that Defendant Long placed Mr. Townsend in restrictive housing after he requested a transfer from Sterling. *Id.* ¶¶ 49–52. This alone does not establish that Defendant Long's state of mind was one of deliberate indifference. Thus, the Court agrees with the Recommendation's analysis of Mr. Townsend's Eighth Amendment claims with respect to Defendants Sheridan and Long.

### D. Defendants Sheridan and Long Entitled to Qualified Immunity

Mr. Townsend contends that Defendants Sheridan and Long are not entitled to qualified immunity. To overcome qualified immunity, a plaintiff must "demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270–71 (10th Cir. 2022) (quotations omitted). As described above, the Court finds that Mr. Townsend failed to plead a constitutional violation against Defendants Sheridan and Long. Thus, the Court finds no clear error in the Recommendation. The Court finds that Defendants Sheridan and Long are entitled to qualified immunity and the claims against Defendants Sheridan and Long are dismissed with prejudice.

### III.   CONCLUSION

For these reasons, and the reasons set forth in the Recommendation, the Court **ORDERS:**

1. The Plaintiff's Objection to the Recommendation, ECF No. 127, is **OVERRULED;**

2. The Recommendation, ECF No. 126, is **ACCEPTED** and **ADOPTED**;

3. Defendants' Jeff Long, Chris Barr, and Maureen Sheridan (CDOC Defendants) Motion to Dismiss First Amended Complaint, ECF No. 80, is **GRANTED**;

4. Defendant Londenberg's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 90, is **GRANTED**;

5. Plaintiff's official-capacity claims against all four defendants are **DISMISSED WTIHOUT PREJUDICE**;

6. Plaintiff's individual-capacity claims against Defendants Barr and Londenberg are **DISMISSED WITHOUT PREJUDICE**;

7. Plaintiff's individual-capacity claims against Defendants Sheridan and Long are **DISMISSED WITH PREJUDICE**; and

8. Judgment shall be entered in favor of the Defendants.

DATED: September 4 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

8